**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

FILED

AT ALBUQUERQUE NM

APR 2 1 1999

ROBERT M. MARCH
CLERK

EARL L. JONES,
JONATHAN B. JONES,

        Petitioners,

v.

        No. CIV-99-0403 JC/LCS

SHERIFF RONALD K. RICE,
LEA COUNTY DETENTION CENTER,
JUDGE PATRICK J. FRANCOEUR,
et al.,

        Respondents.

### MEMORANDUM OPINION AND
### ORDER TO CURE DEFICIENCIES

This matter is before the Court *sua sponte* for preliminary consideration of Petitioners'

petition for writ of habeas corpus. Rule 4 Governing Section 2254 Cases. Petitioner Jonathan B.

Jones ("Jones Jr.") is incarcerated; his father, Petitioner Earl L. Jones ("Jones Sr."), is not. The

petition is signed by Jones Sr. No fee or *in forma pauperis* application has been received by the

Clerk.

However meritorious Jones Jr.'s claims may be, this petition on his behalf is barred both by

rule of law and as a matter of practice in federal court. In a proceeding such as this, "a litigant may

only assert his own constitutional rights or immunities." *United States v. Raines*, 362 U.S. 17, 22

(1960); *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986) ("The general rule...is that a plaintiff

must assert his own constitutional rights."). Because the rights allegedly violated are those of Jones

Jr., an action to vindicate those rights may not be brought by his father. Furthermore, a pro se

litigant may not represent another party, either as "next friend" or otherwise. *See Meeker v. Kercher*,



782 F.2d 153 (10th. Cir. 1986).

> An individual may [litigate] in federal courts only pro se or through legal counsel. 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel"). If an individual decides to appear pro se that litigant may act in court only for himself or herself. Unless...a member of a bar, an individual is not entitled to represent any other party. *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) (non-lawyer not entitled to represent prisoner in appeal of criminal conviction).

*United States v. Althoff*, 16 F.3d 417 (Table, text in Westlaw), 1993 WL 542201 at **1 (10th Cir. Dec. 23, 1993). The complaint is not signed by Jones Jr., and Jones Sr., as a non-attorney, may not represent him.

IT IS THEREFORE ORDERED that, within twenty (20) days from entry of this order, an amended petition may be filed, signed either by the inmate pro se or by an attorney on his behalf; the filing fee ($5.00) or a motion for leave to proceed under 28 U.S.C. § 1915 must accompany the complaint; and failure to comply will result in dismissal of this action without further notice;

IT IS FURTHER ORDERED that the Clerk is directed to mail to both Jones Jr. and Jones Sr. at their separate addresses as indicated in the petition, together with a copy of this order, the following forms: 2 copies each of a motion for leave to proceed pursuant to 28 U.S.C. § 1915, and a form § 2254 petition with instructions.

_____
UNITED STATES MAGISTRATE JUDGE