IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JONATHAN B. JONES,

       Petitioner,                            CIV 99-403 JC/LCS

vs.

RONALD K. RICE, LEA COUNTY SHERIFF,
PATRICK J. FRANCOEUR, DISTRICT JUDGE,
FIFTH JUDICIAL DISTRICT; JANN GARTMAN,
ADMINISTRATOR, LEA COUNTY DETENTION
FACILITY, ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO, et al.,

       Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Petitioner Jonathan Jones' ("Jones") Petition for a writ of *habeas corpus,* filed under 28 U.S.C. Sec. 2254, which was referred to this Magistrate Judge pursuant to 28 U.S.C. Sec. 636. The Court, having reviewed the pleadings and the relevant law, proposes finding that the Petition contains both exhausted and non-exhausted claims and recommends that the Petition be dismissed without prejudice.

On May 13, 1996, before the Hon. Patrick J. Francoeur, Jones entered a plea of guilty to two counts of burglary and two counts of larceny over $250. Judge Francoeur sentenced Jones to six years imprisonment, then suspended the sentence on the condition that he entered and successfully completed a rehabilitation program and submitted progress reports to his probation

1

officer. After completing the rehabilitation program, Jones was to be placed on supervised probation for five years, beginning February 14, 1997, and ending February 14, 2002.

Jones completed the rehabilitation program, but he violated probation on December 26, 1997, when he traveled from Arizona to New Mexico without the permission of his probation officer. The State of New Mexico moved to revoke Jones' probation and reinstate his six-year prison sentence. On October 13, 1998 Judge Francoeur revoked Jones' probation, but, instead of ordering Jones to serve the full six-year sentence, he ordered Jones to serve 364 days in the Lea County Detention Facility. Jones has been incarcerated in LCDF since his April 20, 1998, and had thus served 177 days in LCDF when his 364-day sentence commenced. Because the 177 pre sentence days he served at LCDF have not been applied to his current sentence, Jones has served more than 450 consecutive days at LCDF.

On June 3, 1998, Jones filed a Motion for Disqualification of Judge Francoeur. In the motion, Jones questioned Judge Francoeur's impartiality and the effect his personal and professional relationships with Jones and his immediate family would create on his judgement. In his affidavit accompanying the motion, Jones listed the following reasons why the Judge should be disqualified: Jones previously dated Judge Francoeur's stepdaughter, Jones' father was the Plaintiff in a case that the Judge presided over, Jones' brother is a Sheriff's Department employee who is investigating the theft of Judge Francoeur's car, and the Judge told others that he would send Jones to prison if he violated probation. Jones did not raise any constitutional issues in his motion. Judge Francoeur denied the Motion on June 8, 1998.

On January 22, 1999, Jones filed a Motion to Correct Illegal Sentence because his pre-sentence time served was not credited toward his current sentence. As with the previous motion,

2

Jones failed to raise the federal constitutional issues of equal protection, cruel and unusual punishment, and racial discrimination that he raises in his petition to this court. On February 12, 1999, that Motion was denied on the grounds that Jones' current sentence is legal.

On April 8, 1999, Jones' father submitted a petition for a writ of *habeas corpus* on behalf of Jones to the United States District Court. Jones submitted an amended petition for a writ of *habeas corpus* on May 5, 1999. In the petition, Jones stated that his sentence was obtained in violation of his Fourteenth Amendment right to equal protection and was in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Additionally, Jones stated that he is biracial and that he has been subject to racial discrimination in the court of Judge Francoeur. The State Attorney General responded on July 21, 1999, and asked that Jones' petition be dismissed without prejudice as a result of his failure to exhaust state remedies before proceeding to federal court. In his reply, Jones stated that it would be futile to take any further action in state court because he believes the state court is prejudiced against him.

Generally, before a federal court will consider a *habeas corpus* claim, a petitioner must exhaust his state remedies. *Picard v. Connor*, 404 U.S. 270, 275-276 (1971). Jones' federal claim that his constitutional rights were violated was neither presented to, nor addressed by, the state courts. Accordingly, the claim has not been exhausted and federal court review of the claim is improper at this point. Even though Jones believes that returning to state court would be futile, " [i]f a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid." *Engle v. Isaac,* 456 U.S. 107, 130 (1982).

Additionally, allowing criminal defendants to deprive the state courts of the opportunity to hear their constitutional claims would contradict the principle of comity. *O'Sullivan v. Boerckel*, 119 S.Ct. 1728, 1732 (1999).

For a claim to be exhausted, the State must have had a full and fair opportunity to address and resolve the federal claim on its merits. *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 9 (1992). In the present case, Jones has not allowed the state such an opportunity. Not only have different legal theories been presented to the state and federal courts, but the petitioner has not appealed his case in state court. Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. *O'Sullivan,* 119 S.Ct. at 1730.

Generally, a federal *habeas corpus* petition that contains both exhausted and unexhausted claims should be dismissed without prejudice. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Accordingly, the Court recommends that Jones' petition be dismissed without prejudice. Because this dismissal is not on the merits and is made without prejudice, if Jones is unsuccessful at the state level, he will not be precluded from bringing any of the claims alleged in his federal petition. *Id.* at 523, 537-39.

Within ten days after a party receives a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. Sec. 636(b)(1), file written objections to them. A party must file its objections with the Clerk of the District Court within ten days if it desires review; if objections are not timely filed, neither the District Court nor the Court

of Appeals will review the Magistrate Judge's Proposed Findings a

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE